UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RALPH WAYNE ROWDEN            :
                              :
        Plaintiff,            :    Civil No. 13-407(NLH)
                              :
        v.                    :
                              :
KIM GIORNO, et al.,           :    **MEMORANDUM AND ORDER**
                              :
        Defendants.           :

Plaintiff, Ralph Wayne Rowden, currently confined at Atlantic County Justice Facility in Mays Landing, New Jersey, seeks to bring a civil action in forma pauperis,[1] without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.  The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

Under the Act, a prisoner bringing a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee.  28 U.S.C. § 1915(a)(1).  The prisoner also must submit a certified copy of his inmate trust fund account statement for the

---

[1] Suits brought in forma pauperis are governed by 28 U.S.C. § 1915.

1

six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the Act does not permit the prisoner to get his filing fee back.

If the prisoner has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring

another action in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

In this case, Plaintiff failed to submit a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1), (2). While he did file an "Application to Proceed Without Prepayment of Fees and Affidavit," his account statement was not certified by the appropriate official of the facility at which he is incarcerated as required by 28 U.S.C. § 1915(a)(2).  (Dkt. 1-1.)

Additionally, Plaintiff may not be aware that the correct filing fee for a civil action is $350.00.  Plaintiff has used an out-of-date Complaint form which states that the filing fee is $120.00.  (Dkt. 1.)  Plaintiff's application to proceed in forma pauperis does not acknowledge the amount of the fee.  Thus, if Plaintiff is granted leave to proceed in forma pauperis in this action, the Court may enter an Order assessing the $350.00 filing fee and directing that assessments be withdrawn from Plaintiff's prison account until the $350.00 filing fee is paid.  See 28 U.S.C. § 1915.

This Court expresses no opinion, at this time, as to whether this action is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) or otherwise.

THEREFORE, it is on this    28th    day of  January  , 2013;

ORDERED that Plaintiff's application to proceed in forma pauperis is hereby DENIED, without prejudice; and it is further

3

ORDERED that the Clerk of the Court shall administratively terminate this case, without filing the complaint or assessing a filing fee;

ORDERED that the Clerk of the Court shall send Plaintiff the form entitled "Affidavit of Poverty and Account Certification (Civil Rights)(DNJ-ProSe-007-A-(Rev. 09/09)) to be used by Plaintiff in any future application to proceed *in forma pauperis*; and it is further

ORDERED that the Clerk of the Court shall send Plaintiff a blank form to be used in the filing of a prisoner civil rights complaint; and it is further

ORDERED that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Mitchell H. Cohen Building and U.S. Courthouse, Fourth and Cooper Streets, Camden, New Jersey, 08101, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete, signed *in forma pauperis* application, including a *certified* six-month prison account statement, on the form set forth above or (2) the $350.00 filing fee; and it is further

ORDERED that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete *in forma pauperis* application or filing fee within the time

allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is further

ORDERED that if Plaintiff does not wish to proceed with this action with a $350.00 filing fee, he must indicate his intent to withdraw the Complaint by filing with the Court, within 30 days following entry of this Order, a letter stating his intent to withdraw the Complaint; and it is further

ORDERED that failure to so file such a letter of withdrawal may result, if Plaintiff is granted leave to proceed in forma pauperis, in an Order assessing the full $350.00 filing fee, to be paid by monthly withdrawals from Plaintiff's institutional account, pursuant to 28 U.S.C. § 1915, regardless of the outcome of the litigation; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.


At Camden, New Jersey		s/ Noel L. Hillman
				NOEL L. HILLMAN
				United States District Judge